# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**INA BRATHWAITE,**

      **Plaintiff,**

v.                                                  **Case No: 6:22-cv-1263-PGB-DCI**

**ADVANCED DRAINAGE SYSTEMS, INC., JOSEPH WARD, BRUCE FALLENSTEIN, KYLE HIGNETT, DEBRA MONTGOMERY, JANET BAYES, ERROL LIPTON, NICOLAS OCHOEA, MIKE MURPHY, ROBERT EVANS, MARC JORDANIDES, MARVIN JOHNSON, MICHAEL GONZALEZ, GERALD WILLIAMS, DANIEL NEGRON, STEPHON JACKSON, MIKE ADEBIMPE, JOHN JOHNSON, MR. ROBERTO, SCOTT BARBOR, DARRIN HARVEY, SCOTT COTTRILL, JOHN F. HAVENS and CT CORPORATION SYSTEM,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Defendant's Motion to Dismiss the Amended Complaint (Doc. 22) |
| **FILED:** | November 10, 2022 |

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

I.     **Background**

Plaintiff, proceeding *pro se*, initiated this case against several defendants alleging that she was subjected to employment discrimination based on her race and gender/sex in violation of Title VII of the Civil Rights Act of 1964. Doc. 1 (Initial Complaint). On September 27, 2022, Plaintiff filed a motion to join additional parties associated with Defendant Advanced Drainage Systems, Inc. (Advanced Drainage), which included a list of five individuals. Doc. 18. The undersigned found that the motion did not state cause for filing an amended pleading but permitted Plaintiff to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). Doc. 19. The undersigned's order provides that the amended complaint must be a single document and Plaintiff may not amend the complaint by filing piecemeal documents or lists of additional defendants. *Id*. The undersigned also cautioned Plaintiff that the Court must dismiss the case without prejudice within 90 days of it being filed if the defendants are not served. *Id*. Plaintiff has since filed the Amended Complaint naming 23 Defendants. Doc. 20.

Pending before the Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) or, alternatively, Motion for More Definite Statement under Rule 12(e). Doc. 22 (the Motion). Plaintiff has filed a Notice to the Court, which the undersigned construes as a Response to the Motion. Doc. 25 (the Response).[1]

The Motion is ripe for review and for the reasons stated in this report, the undersigned recommends that the Motion be granted.

---

[1] Defendants have submitted supplements under Local Rule 3.01(g) to inform the Court that the Motion has not been resolved. Docs. 24, 26. Defendant states that Plaintiff's position is that she opposes all relief but agrees that she did not exhaust a retaliation claim at the administrative level and, therefore, "the parties have only resolved the retaliation claim." Doc. 26

### II. Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 "does not require 'detailed factual allegations,'" it demands more than an "unadorned . . . accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the allegations are more conclusory than factual, the court need not assume their truth. *See Chaparro*, 693 F.3d at 1337 (11th Cir. 2012) (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011)). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (2007), and cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (2009).

The factual allegations in the complaint, and any reasonable inference, must together "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[2] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

### III. Discussion

#### A. Amended Complaint

As an initial matter, with respect to Rule 8(a)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Defendants contend that the Amended Compliant is devoid of any allegations of wrongdoing against nearly all the individual Defendants. Doc. 22. Plaintiff submits the Amended Complaint on the Employment Discrimination Form, with a notation at the top of the document: "Amended Complaint to Add Parties." Doc. 20. Plaintiff checks boxes alleging that discriminatory conduct includes the termination of employment, unequal terms and conditions of employment, retaliation, and discrimination based on race, color, and gender/sex. *Id*. at 3, 4.

While Plaintiff provides dates of the alleged discrimination and the Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC), she does not include any allegations regarding the basis for the claims. *See id*. 4-5. Plaintiff leaves that section blank. *See id*. The form also directs that "[a]s additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the [EEOC], or the charge filed with the relevant state or human rights division." *Id*. at 5. Plaintiff merely attaches the transcript of the March 4,

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

2021 administrative hearing with nothing more of substance (Doc. 20-1); Plaintiff does not include the documents filed with the Initial Complaint.

As such, there is no way to ascertain which allegations pertain to each Defendant. This piecemeal approach is especially problematic because Plaintiff has added new defendants to the Amended Complaint who were not included within the Initial Complaint and Plaintiff has apparently abandoned the retaliation claim, at least according to Defendants. As stated *supra*, the undesigned warned Plaintiff that the Amended Complaint may not be filed in this manner and, therefore, the pleading is not only insufficient under Rule 8(a) it also violates the Order.

Further, under Rule 12(b)(6), Defendants contend that Plaintiff fails to state a claim because "there are no allegations of wrongdoing lodged against the vast majority of individual Defendants in the initial Complaint or in the Amended Complaint." Doc. 22 at 20. Defendants point out that Plaintiff's references to the individual defendants are as witnesses instead of named parties. *Id*. Defendants add that Plaintiff did not work or interact with some of the listed individuals, including a Defendant who passed away before Plaintiff was hired. *Id*. at 4.

Plaintiff seems to concede in the Response that Defendants are correct at least with respect to some Defendants. Plaintiff states "[t]he instructions were for me to list every person I mention in my complaint as a defendant. I gave examples of work operations before and after my termination that's how my ex-co-workers became defendants." Doc. 25 at 1. As such, it appears—but is not entirely clear from the Response—that at least some of the named Defendants are intended to be witnesses and not parties to this action.[3] Even if Plaintiff is not making this

---

[3] Plaintiff has recently provided some clarification on this issue. On January 31, 2023, Plaintiff filed a motion to edit the "defendants list" and states that Defendant Advanced Drainage's attorneys requested the edit. Doc. 31. It appears that Plaintiff provides an edited list of defendants and witnesses. *Id*. Defendants have not provided a response to that motion and the time for doing so has not elapsed. As such, the motion is not ripe.

concession, the Court cannot determine what several of Defendants did, or did not do, that Plaintiff alleges violates Title VII given the sparseness of the Amended Complaint form and the piecemeal nature of the filing.

Finally, as mentioned *supra*, Plaintiff includes new claims for color discrimination and retaliation pursuant to Title VII in the Amended Complaint. Doc. 20. Defendants argue that the claims are due to be dismissed because Plaintiff failed to exhaust her administrative remedies on both causes of action. Doc. 22 at 4. Prior to filing suit for discrimination, plaintiffs must first timely exhaust administrative remedies by filing a claim with the EEOC to allow it "'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)).

Before delving into whether Defendants' position has merit, it seems Plaintiff may have abandoned the retaliation claim, as Defendants advise the Court that the parties have resolved the claim. Doc. 16 at 1. But Plaintiff does not say so in the Response and has not otherwise filed anything with the Court to confirm that she no longer intends to litigate the claim. The undersigned will not analyze whether remedies have been exhausted if Plaintiff agrees the claim is not properly before the Court.

Even so, the undersigned recommends that Plaintiff be given leave to amend. If Plaintiff can identify the appropriate parties to sue and provide the Court with allegations in support of the claims with respect to each Defendant, then a more carefully drafted complaint might state a claim for relief. It seems that the opportunity to amend the pleading to address the other insufficiencies

under Rules 8(a) and 12(b)(6) would also allow Plaintiff to drop the retaliation claim if she agrees that exhaustion prohibits her from proceeding or otherwise terminate certain named Defendants.

### B. Service of Process

Defendants claim that although the undersigned warned Plaintiff that the Court must dismiss this action if Defendants are not served within 90 days of July 18, 2022, "no Defendant was properly served by October 17, 2022." Doc. 22 at 7. First, Defendants assert that the service of process was insufficient under Rule 12(b)(4) as Plaintiff was responsible for having a summons and complaint served within the time allowed under Rule 4(m) to be furnished with the necessary copies to the person who makes service. *Id*. at 10, 11. Defendants state that "no mailing or hand delivered package contained summonses accompanied by the required filings." *Id*. at 11. Defendants assert that even when Plaintiff enclosed more than a summons, she included an inconsistent combination of some documents from the Initial and Amended Complaints or did not provide copies of the same for each recipient. *Id*. at 12. Defendants cite to the Declaration of Danny Ferry in support of the argument. Doc. 22-1 (the Ferry Declaration).

Second, Defendants claim that process was insufficient under Rule 12(b)(5) and, again, rely on the Ferry Declaration to present the argument. In the Motion, Defendants describe in detail Plaintiff's service attempts and generally argue that Plaintiff did not personally serve the "Winter Garden Defendants nor was a copy of the summons and complaint left at their individual dwellings." Doc. 22 at 13. Defendants claim that the summonses were delivered to the Winter Garden plant manager—who was not authorized to accept service—and only 8 out of the 16 summonses that were delivered to the plant were for current employees of Advanced Drainage. *Id*. at 13-14. Defendants also claim that Plaintiff has not attempted service on Defendant Advanced Drainage. *Id*. at 18-19.

Defendants add that Advanced Drainage's Ohio location received an envelope via certified mail containing a summons issued to Defendant Hignett with no copy of the Complaint; the Ohio plant received an envelope in the mail containing a summons issued to Defendant Montgomery without a copy of the Complaint; and the Ohio plant received another envelope addressed to Defendant Montgomery containing documents from the Initial and Amended Complaint without a summons. *Id*. at 8-9. Defendants also contend that Plaintiff insufficiently attempted service via mail on Defendant Havens—deceased, and Defendants Hignett, Cottrill, Barbour, and Harvey. *Id*. at 9-10. Defendants argue that dismissal with prejudice is appropriate because Plaintiff has not served any defendant within the allotted timeframe under Rule 4(m). *Id*. at 2, 24.

The entirety of Plaintiff's response to the service issue is:

> I, Ina Brathwaite, certify that on July 15, 2022 I served a copy of these documents to Amanda Miggo Esquire ADS attorney and other parties associated with Advanced Drainage System Incorporated by certified mail at 52 E. Gay Street, Columbus, Oh 43215, 4640 Trueman Blvd. Hilliard, Oh 43026, 115 N.W. Crown Point Road, Winter Gardens, Fl 34787, 401 Olive Street, Findlay, Oh 45840.
>
> The complaint, incorrect summons (forms 398, 490) was served. The corrected summons (form 440) was hand delivered to ADS 115 N.W. Crown Point Road, Winter Garden, Florida 34787, Certified mail to 4640 Trueman Blvd. Hillard, Ohio 43026, 401 Olive Street, Findlay, Ohio 45840 on August 24, 2022. Defendants received the complaint and corrected summons.

Doc. 25 at 1.

While it appears that dismissal may be justified pursuant to Rules 12(b)(4) and (b)(5), the undersigned is not inclined to address process and service as to each of the 24 Defendants given Plaintiff's apparent concessions that individuals named in the Amended Complaint are not actually Defendants and that at least the retaliation claim is not appropriately before the Court.[4] The

---

[4] Since this report recommends that Plaintiff receive leave to amend, the undersigned notes, however, that with respect to the Florida Defendants—assuming *arguendo* that the documents are

undersigned finds it more appropriate to address the service issue once Plaintiff has one operative pleading before the Court, which sufficiently identifies the named Defendants who are allegedly liable for the claims she intends to pursue.  Even if the Court agrees with Defendant that Plaintiff has failed to timely perfect service under Rule 4(m)—an argument which ostensibly has merit— the undersigned recommends that dismissal of the Amended Complaint should still be without prejudice.  Considering Plaintiff's *pro se* status, potential ability to cure the Rule 8 and 12(b)(6) deficiencies, and previous efforts to attempt service, the undersigned recommends that Plaintiff be granted leave to amend with a brief extension of the 90-day service period to serve the pleading. *See Ally v. Hous. Auth. of Orlando*, 2021 WL 2446712, at *1 (M.D. Fla. May 4, 2021) (finding that even though there was not good cause to extend the deadline for service, the plaintiff should be afforded additional time to serve based on the plaintiff's *pro se* status and the recommendation for leave to amend); *Barr v. One Touch Direct, LLC*, 2016 U.S. Dist. LEXIS 54092, at *11 (M.D. Fla. Apr. 22, 2016) (declining to dismiss the case with prejudice under Rule 4(m) and permitting the defendants to properly effect service within a specified time); *see also Holliday v. Syndicate*

---

sufficient under Rule 4(b)(4)—service of summons and complaint via certified mail is not proper. *Reed v. United States Bank Nat'l Ass'n*, 2017 WL 11025828, at *1 (M.D. Fla. Nov. 6, 2017) ("But, service of a summons and complaint via certified mail is not proper service on a corporation under Rule 4(h)"); *Stratton v. Napolitano*, 2012 WL 12899117, at *1 (M.D. Fla. Aug. 28, 2012) (quoting *Emerald Coast Finest Produce Co., Inc.*, 2007 WL 1526650, at *1 (N.D. Fla. May 24, 2007). "Moreover, service by certified mail, without an accompanying waiver, is not sufficient under Florida law." *Id*. (citing *Dyer v. Wal-Mart Store, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009)). Also, with respect to the individual Defendants, to the extent Plaintiff asserts that service was sufficient because the plant manager was handed certain documents, an individual may be served by: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Rule 4(e).  Defendants contend that the plant manager is not an authorized agent.  Doc. 22 at 14 n.8.

*3000 at Lloyd's*, 2018 WL 2214648, at *4 (M.D. Fla. May 15, 2018) (dismissing a case without prejudice pursuant to Rule 12(b)(5) and Rule 4(m)).

### IV.  Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the Motion to Dismiss (Doc. 22) be **GRANTED in part** to the extent that the Amended Complaint be dismissed with leave to amend, and that Plaintiff be permitted 30 days after amendment to serve a Second Amended Complaint,[5] and the remainder of the Motion (Doc. 22) be **DENIED without prejudice**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 7, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] The undersigned is not making any recommendation as whether any defendant has been served in this case.  To the extent that Plaintiff names a defendant in the Second Amended Complaint and asserts that the defendant has already been served in this case, that issue may be addressed through further motion practice.  Of course, even if Plaintiff believes that service has already been made, she may again serve a defendant with the Second Amended Complaint to avoid any further litigation on this issue.