UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INA BRATHWAITE,

          **Plaintiff,**

v.                                              Case No: 6:22-cv-1263-PGB-DCI

ADVANCED DRAINAGE SYSTEMS, INC., JOSEPH WARD, BRUCE FALLENSTEIN, KYLE HIGNETT, DEBRA MONTGOMERY, JANET BAYES, ERROL LIPTON, NICOLAS OCHOEA, MIKE MURPHY, ROBERT EVANS, MARC JORDANIDES, MARVIN JOHNSON, MICHAEL GONZALEZ, GERALD WILLIAMS, DANIEL NEGRON, STEPHON JACKSON, MIKE ADEBIMPE, JOHN JOHNSON, MR. ROBERTO, SCOTT BARBOR, DARRIN HARVEY, SCOTT COTTRILL, JOHN F. HAVENS and CT CORPORATION SYSTEM,

          **Defendants.**
_____/

## **ORDER**

This cause is before the Court on Defendants' Motion to Dismiss (Doc. 22 (the "**Motion**")) filed November 10, 2022. The United States Magistrate Judge Daniel C. Irick submitted a Report and Recommendation (Doc. 35 (the "**R&R**")) recommending that Defendants' Motion be granted in part and denied in part to

the extent that the Amended Complaint be dismissed with leave to amend and that Plaintiff be permitted 30 days after the amendment to serve a Second Amended Complaint in light of Plaintiff's *pro se* status. Defendants objected in part to the R&R (Doc. 39 (the "**Objection**")), arguing Plaintiff should be not given leave to replead and no extension to serve should be granted. After due consideration, the Court will adopt the R&R, overrule the Objection, and grant the Motion in part.

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

No party timely objects to the recommendation that the Court dismiss the Amended Complaint. After review, the Court agrees entirely with the R&R on this front. When it comes to leave to amend, though, Defendants do timely object. (Doc. 39). Importantly, however, Magistrate Irick noted:

> If Plaintiff can identify the appropriate parties to sue and provide the Court with allegations in support of the claims

2

> with respect to each Defendant, then a more carefully drafted complaint might state a claim for relief. It seems that the opportunity to amend the pleading to address the other insufficiencies under Rules 8(a) and 12(b)(6) would also allow Plaintiff to drop the retaliation claim if she agrees that exhaustion prohibits her from proceeding or otherwise terminate certain named Defendants.

(Doc. 35, pp. 6–7). Defendants' objection observes that Plaintiff has already filed an Amended Complaint and that this filing did not fully comply with the Court's previous directives and thus argues further amendment is not warranted. (Doc. 39, pp. 3–4). However, Rule 15 provides that parties may amend their pleadings more than once with the "court's leave" and that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (noting Rule 15(a)(2) "contemplates that leave shall be granted unless there is a substantial reason to deny it."). The Court finds that the parties' *pro se* status and the possibility of stating viable claims upon repleader are sufficient to provide such leave *one final* time.

As for service of process, Magistrate Irick recommended a brief 30-day extension after the amended complaint in light of Plaintiff's status as a *pro se* party. (Doc. 35, pp. 9–10) (citing *Ally v. Hous. Auth. of Orlando*, No. 6:20-cv-1518, 2021 WL 2446712, at *1 (M.D. Fla. May 4, 2021) (finding that even though there was not good cause to extend the deadline for service, the plaintiff should be afforded additional time to serve based on the plaintiff's *pro se* status and the recommendation for leave to amend). Defendants' Objection argues only that

Plaintiff flouted the service of process rules, which Magistrate Judge Irick acknowledges, without addressing the special solicitude courts have the discretion to grant Plaintiff as a *pro se* party. The Court agrees that in the interest of fairness Plaintiff should receive *one final* opportunity to properly serve Defendants after the filing of the Second Amended Complaint in light of the lack of professional legal representation.

Therefore, it is **ORDERED** as follows:

1. The R&R filed February 7, 2023 (Doc. 35), is **ADOPTED** and **CONFIRMED** and made a part of this Order;

2. Defendant's Motion to Dismiss (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**;

3. The Amended Complaint (Doc. 20) is **DISMISSED WITHOUT PREJUDICE**;

4. On or before **March 24, 2023**, Plaintiff may file a Second Amended Complaint consistent with the directives of this Order and the R&R, if they believe they can do so in accordance with Rule 11. Failure to timely file a Second Amended Complaint will result in dismissal of this entire action with prejudice; and

5. The deadline to effectuate proper service of process under Rule 4 is extended until 30 days after the timely filing of the Second Amended Complaint if Plaintiff should so choose to do so.

**DONE AND ORDERED** in Orlando, Florida on March 10, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties